Case Number:23-006542-CI

IN THE CIRCUIT COURT OF THE 6th
JUDICIAL CIRCUIT, IN AND FOR
PINELLAS COUNTY, FLORIDA

HAZEL GONZALEZ,

     Plaintiff(s),

                                      Case No:

v.

MALWAREBYTES INC.,
a Foreign Profit  Corporation,

     Defendant(s).

_____/

## COMPLAINT

Plaintiff, HAZEL GONZALEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MALWAREBYTES INC., a Foreign Profit Corporation, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees or costs for Violation of Florida Private Whistleblower Act Florida Statute 448.102 ("FWA").

2.    This Court has jurisdiction over Plaintiff's claims pursuant to Florida Statute 448.102.

3.    Plaintiff was at all times relevant to this action, resident of Pinellas County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FWA.

1

***ELECTRONICALLY FILED 04/10/2023 04:55:00 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

4.    Defendant, MALWAREBYTES INC., a Foreign Profit Corporation, with one of its locations at 5739 Rio Vista drive, Clearwater, FL where Plaintiff worked for Defendant.

5.    Venue is proper in Pinellas County because all of the actions that form the basis of this Complaint occurred within Pinellas County and payment for employment was due in Pinellas County.

6.    Defendant is a covered employer for purposes of Florida's Private Sector Whistleblower Act. Pursuant to the Act, "Private employer" means a person or entity that transacts business in this state, has a license issued by an agency, and employs persons to perform labor or services in this state in exchange for salary, wages, or other remuneration. Defendant operates a construction Business Service Florida and has offices in Pinellas County, where Plaintiff worked.

7.    Defendant employed and still employs over well over 10 employees.

8.    Section 448.101(2) of the Whistleblower Act defines "employee" as "a person who performs services for and under the control and direction of an employer for wages or other remuneration."  Plaintiff is a covered employee pursuant to this statute as she worked for Defendant, received pay from defendant and was under the direct direction and control of Defendant during the employment period referenced above.

9.    Plaintiff, as an employee of Defendant, living and working in Pinellas County, Florida and having received paychecks for services performed for Defendant initiating in and while working in Pinellas County, Florida, is a covered employee for the purposes of the Florida Private Whistleblower Act and Florida Statute § 440.205.

10.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

Daniel H. Hunt, Esq.
TheMiamiShark.com
dhuntlaw@gmail.com

11.    All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12.    Plaintiff performed work for Defendants as a Global Recruiting Director from July 5, 2021 through March 17, 2023 earning a base salary of $16,916.00 per month and earned over $200,000.00 last year.

13.    Plaintiff was terminated from her employment with Defendant.

14.    Plaintiff was supervised by one of the company owner's children.

15.    Plaintiff's supervisor was Laura Klieves.

16.    Plaintiff reported illegal discriminatory practices to Laura directly through SLACK and email forwarding via Zoom on or about February 14, 2023.

17.    Defendant was engaged in a concerted effort to stagger out layoffs and hid the global nature of the layoffs in order not to trigger a WARN under Federal Law.

18.    Plaintiff noticed that Defendant was reducing the headcount of offshore resources and she was to ID ways to hire non-United States employees at cheaper rates in order to discriminate against those with United States National Origin.

19.    Defendant was also letting go of significantly more females than males based on the lists of terminations provided to her by Defendant.

20.    Finally, Plaintiff notified defendant, including directly reporting to the CEO, Marson Kleczynski that there were non-exempt violations of the Fair Labor Standards Act with respect to employees from the Unites States and Estonia.

21.    Defendant then tried to bribe Plaintiff offering her $50k to keep quiet. This was offered by Laura, the Human Resources supervisor in California.

Daniel H. Hunt, Esq.
TheMiamiShark.com
dhuntlaw@gmail.com

22.   Plaintiff refused and was terminated one month later because she notified her employer of the many legal violations.

23.   These illegal actions by Defendant were saving money on wages by violating the FLSA and arguable creating a more male dominated work environment, something Defendant clearly felt was a benefit.  Defendant also benefitted by saving efforts on working with a WARN that they illegally avoided.

24.   Plaintiff informed defendant that they were in violation of the WARN Act or the regulations at 20 CFR Part 639, The Fair Labor Standards Act 29 USC §201 et sec, as well as The Civil Rights Act of 1964, also known as Title VII as it pertains to protections from Discrimination for female workers based on sex.

25.   Defendant, based on the information below and in this Complaint, has violated the above law with respect to Plaintiff and retaliated against plaintiff by terminating her for reporting same.

26.   Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

27.   All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

28.   Any other reason for Plaintiff's termination is a pretext and an unlawful basis for termination.


## COUNT I– VIOLATION OF §448.102, FLORIDA STATUTES


29.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein

4

30.    Section 448.102, Florida Statutes states in relevant part:

An employer may not take any retaliatory personnel action against an employee because the employee has:

**(1)** Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.**(2)** Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.**(3)** Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.  Fla. Stat. § 448.102

Defendant violated subsection 3 of this statute with respect to Plaintiff.

31. As a direct and proximate result of Plaintiff's complaints listed above, Plaintiff was retaliated against and terminated.

32. As a result of Defendant's willful and malicious conduct, and Plaintiff's termination for reporting violations of law, rule and regulation, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, compensation for her lost benefits, as well as compensatory damages.

33.  Plaintiff also demands her attorney's fees and costs as provided by law.

Daniel H. Hunt, Esq.
TheMiamiShark.com
dhuntlaw@gmail.com

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, as well as compensatory damages, attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §448.101 et seq., Florida Statutes, and any and all other relief provided by law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 10, 2023

Respectfully submitted,

/s/  *Daniel H. Hunt*

**Daniel H. Hunt, Esq.**
Florida Bar No.: 121247
dhuntlaw@gmail.com
P.O. Box 565096
Miami, FL 33256
Telephone: (305) 495-5593

Attorney for Plaintiff

6